UNITED STATES of America, Appellee,

v.

Oscar QUIROZ, Defendant–Appellant.

No. 171, Docket 93–1216.

United States Court of Appeals,
Second Circuit.

Petition for Rehearing Feb. 14, 1994.

Decided April 20, 1994.

Susan Corkery, Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty. for the E.D. of New York, Peter A. Norling, Asst. U.S. Atty., on the brief), for appellee.

Joel B. Rudin, New York City, for defendant-appellant.

Before: MESKILL, KEARSE, and WINTER, Circuit Judges.

Per Curiam:

In *United States v. Quiroz,* 13 F.3d 505 (2d Cir.1993), we vacated the conviction of Oscar Quiroz and remanded for a new trial on the ground that the district court had erred in admitting postarrest statements . obtained from him in violation of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The government petitions for rehearing on the ground that Quiroz had waived that argument because he failed to object in the district court to the recommendation of the magistrate judge that his motion to suppress the statements be denied. We grant the petition for rehearing only insofar as is necessary to correct the opinion to reflect accurately the proceedings below. In all other respects, the petition is denied.

## I.  BACKGROUND

### A.  *Proceedings Prior to the Decision of the Appeal*

Much of the background to this appeal is described in our initial opinion in this case, familiarity with which is assumed. Quiroz and his sister Nancy were indicted in connection with a plan to import and distribute cocaine. Both Quiroz and Nancy moved to suppress statements they had made to government agents following their respective ar-

rests. The motions were referred to a magistrate judge who recommended that they be denied.

The official transcript of the ensuing proceedings before the district judge reported that Quiroz's attorney objected to the magistrate's recommendation and that Nancy's attorney did not. The district judge did not issue a written opinion on Quiroz's suppression motion or make a ruling that was transcribed. The pertinent docket sheet entry stated that the district judge "affirm[ed] Mag. decision for reasons stated on the record."

Both defendants' postarrest statements were admitted at trial, and both defendants were convicted. Only Quiroz appealed.

On appeal, Quiroz was represented by new counsel, Joel B. Rudin. On April 29, 1993, according to Rudin's affidavit submitted in connection with the present petition, the government's trial attorney, Karen Straus, faxed to Rudin, at his request, the *Miranda* waiver forms that Quiroz had refused to sign following his arrest. On May 10, 1993, Rudin advised Straus that he intended to raise the *Miranda* issue on appeal. On May 14, Rudin filed his opening brief in this Court, arguing that Quiroz's constitutional rights had been violated by the admission at trial of statements obtained in violation of *Miranda* and *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The government thereafter filed its brief, listing as counsel both Straus and two new attorneys, and addressing the merits of Quiroz's contention. The government argued that there had been no constitutional violation, and, alternatively, that the admission of the statements was harmless error. At no point in its brief did the government state that Quiroz had failed to object to the magistrate's recommendation or argue that he had waived his right to challenge the admission of the statements.

At oral argument, both sides addressed the merits of Quiroz's contention. Again, the government made no mention of Quiroz's failure to object to the magistrate's recommendation.

Thereafter, in the course of preparing our opinion on the appeal, the panel asked counsel to provide a copy of the transcript or written memorandum, if any, of the district judge's decision on Quiroz's suppression motion. We also quoted the docket entry's reference to the "reasons stated on the record" and asked counsel for their understanding as to whether that reference was to reasons stated by the district judge or to reasons stated by the magistrate judge. The attorneys responded jointly that the district judge's decision was not in writing and was not transcribed, and that "[p]resumably," the docket entry "refers . . . to the 'statement of the magistrate judge in the transcript of the suppression hearing.'"

We eventually issued our opinion vacating Quiroz's conviction and remanding for a new trial on the ground that his postarrest statements should have been suppressed.

### B. *Postappeal Events*

Following entry of this Court's opinion, the district judge alerted the parties to her recollection that only Nancy, and not Quiroz, had objected to the magistrate judge's recommendation. The court reporter was asked to review the audio tapes from which the official transcript had been prepared. The reporter complied and thereafter filed an affidavit stating that she had misattributed the statements of Nancy's attorney to the attorney for Quiroz, and vice versa. The corrected transcript showed that, though Nancy's attorney objected to the magistrate's report, Quiroz's attorney stated that he had no objection.

The government has now petitioned for rehearing, requesting that we vacate our decision and affirm Quiroz's conviction on the ground that Quiroz had waived any objection to the admission of his postarrest statements by failing to object to the magistrate's recommendation. We conclude instead that the government has waived its right to argue waiver.

## II. DISCUSSION

It is well established that "an argument not raised on appeal is deemed abandoned," *United States v. Babwah,* 972 F.2d 30, 34 (2d Cir.1992); *see also Herrmann v. Moore,* 576 F.2d 453, 455 (2d Cir.), *cert.*

*denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978), and we will not ordinarily consider such an argument unless "manifest injustice otherwise would result," *United States v. Babwah,* 972 F.2d at 35; *see also* Fed.R.App.P. 2. Though circumstances warranting application of this principle in criminal cases more often involve appellate failures by defendants, the principle is also applicable to the government when it has neglected to argue on appeal that a defendant has failed to preserve a given argument in the district court. In the latter circumstances, courts have consistently held that the government has "waived waiver." *See, e.g., United States v. Leichtnam,* 948 F.2d 370, 375 (7th Cir.1991) (court reached the merits of defendant's contentions when the government failed to argue in brief or oral argument that defendant had failed to object at trial); *see, e.g., United States v. Menesses,* 962 F.2d 420, 425–26 (5th Cir.1992) (government waived its waiver argument when that argument was not made in briefs, but only at oral argument); *United States v. Beckham,* 968 F.2d 47, 54 n. 5 (D.C.Cir.1992) ("Although this refinement of the disproportionality argument was not raised below, the government failed to object to it, or even to comment upon it, in its brief, thus waiving any waiver argument it may have had.").

The government contends that this principle should not be applied in the present case because (1) it had new attorneys on appeal, and (2) the official transcript erroneously reflected that Quiroz had objected. These arguments are unpersuasive.

■ First, we need not reach the question of whether the entry of a new attorney on appeal would alone suffice to excuse such a waiver, for in this case the government was not represented on appeal only by new counsel; trial counsel's name too was on its brief and the government concedes that she had some role, although perhaps not a large one, in the brief's preparation. Further, according to Rudin's affidavit, the government's trial counsel was informed of Rudin's intention to raise the *Miranda* issue on appeal and participated in compiling the record on appeal necessary to the making of that argument. Most importantly, trial counsel had

been present in the district court when one defendant objected to the magistrate's ruling and the other did not. If the objection was raised by Nancy and not by Quiroz, the government's trial counsel must have been aware of it. If the transcript showing objection by Quiroz was in error, she should have known it. We can see no excuse for the government's failure to assert in timely fashion that Quiroz had failed to preserve his objection to the magistrate's recommendation.

■ Nor has the government articulated a persuasive basis for finding that a refusal on our part to accept the government's belated claim of waiver would result in manifest injustice. Since we concluded on this appeal that the government violated Quiroz's constitutional right to counsel and that the admission of the unconstitutionally obtained statements was not harmless error, the manifest injustice at this stage would be to relieve the government of its waiver in order to relieve it of its violation of Quiroz's constitutional rights.

## CONCLUSION

For the reasons stated above, the government's petition for rehearing is granted only for the purpose of allowing the record to reflect that Quiroz failed to object to the magistrate's recommendation for the denial of his suppression motion. In light of the government's waiver of the right to argue Quiroz's waiver, the petition for rehearing is denied insofar as it seeks vacatur of this Court's prior opinion.