101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Dorothy A, PALAIMO, Plaintiff-Appellant,
v.
John LUTZ, Thomas Elthorp, Michael Slade, and St. Elizabeth
Hospital, Defendants-Appellees,
and
James JECKO, John E. Shaw, as Justice of the Town of Marcy,
and Donald Buttonshon, as Justice of the Town of
Marcy, Defendants.
 No. 95-7911.
 United States Court of Appeals,
Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANT: Leon R. Koziol, Utica, New York.
 APPEARING FOR APPELLEE:Michael Belohlavek, Assistant Attorney General of the State of of New York, New York, New York, for defendants-appellees Lutz, Elthorp, and Slade.
 Barney F. Bilello, Mackenzie Smith Lewis Michell & Hughes, LLP, Syracuse, New York, for defendant-appellee St. Elizabeth Hospital.
 N.D.N.Y.
 AFFIRMED.
 PRESENT: Honorable WILFRED FEINBERG, RICHARD J. CARDAMONE, and J. DANIEL MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiff-appellant Dorothy A. Palaimo appeals from a judgment entered August 3, 1995 in favor of defendants-appellees after a jury trial. Palaimo commenced this action alleging federal constitutional claims pursuant to 42 U.S.C. § 1983 of unlawful arrest and use of excessive force in executing the arrest against defendants-appellees Joann Lutz, Thomas Elthorp, and Michael Slade (collectively "the Officers"), and pendent state law claims against them for unlawful arrest, negligent procurement of an arrest warrant and negligent treatment during custody, assault and battery, trespass, false arrest, false imprisonment, and malicious prosecution. Defendant-appellee St. Elizabeth Hospital ("St.Elizabeth") was charged with acting in concert with the other defendants-appellees to deprive Palaimo of various civil rights in violation of § 1983, and with medical malpractice. These claims all arose from the Officers' arrest of Palaimo at her home in Marcy, New York on May 30, 1992 pursuant to an arrest warrant charging her with harassment in violation of N.Y. Penal Law § 240.25, and her subsequent detention by the arresting officers and treatment at St. Elizabeth.
 
 
 4
 2. The district court granted the Officers' motion for partial summary judgment as to the § 1983 unlawful arrest claim and as to all state law claims except the negligent treatment during custody and assault and battery claims. The court also granted St. Elizabeth's pretrial motion for summary judgment on the § 1983 claim, and its motion at trial for judgment as a matter of law on the medical malpractice claim. The remaining claims were tried to a jury, which returned a verdict in favor of the Officers. Palaimo appeals from the judgment entered upon both the jury verdict and the district court's prior rulings.
 
 
 5
 3. Because Palaimo failed to raise in her appeal brief any basis for reversing the judgment of the district court with respect to St. Elizabeth, she has waived these claims on appeal. See United States v. Quiroz, 22 F.3d 489, 490 (2d Cir1994) ("It is well established that 'an argument not raised on appeal is deemed abandoned' ...." (quoting United States v. Babwah, 972 F.2d 30, 34 (2d Cir.1992)); see also Mehta v. Surles, 905 F.2d 595, 598 (2d Cir.1990) (per curiam) ("When a party represented by counsel fails to argue particular points, we may consider those points waived if to do so will not result in manifest injustice.").
 
 
 6
 4. Palaimo contends that we should adopt a per se rule prohibiting the issuance of arrest warrants for "non-criminal petty offenses." We find no support for this proposition, and none is cited to us. The warrant for Palaimo's arrest was validly issued pursuant to New York law, see N.Y.Crim. Proc. Law § 120.20, and we decline to invalidate it on the basis of the sweeping, unprecedented rule that Palaimo suggests.
 
 
 7
 5. Palaimo also argues that the district court improperly excluded evidence of the officers' "motive, ill will and/or subjective design" on the excessive force claim. Under Graham v. Connors, 490 U.S. 386 (1989), however, this evidence was irrelevant except "in assessing the credibility of [the Officers'] account of the circumstances that prompted the use of force." Id. at 399 n. 12. The district court's rulings were consistent with this standard.
 
 
 8
 6. Finally, Palaimo argues that Judge Scullin's numerous interruptions and disparaging remarks directed at defense counsel demonstrate that Judge Scullin's impartiality might reasonably be questioned, and that he should therefore have recused himself pursuant to 28 U.S.C. § 455(a). However, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge". Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Recusal is appropriate only when the "opinions formed by a district judge ... display a 'deep-seated favoritism or antagonism that would make fair judgment impossible.' " Groden v. Random House, Inc., 61 F.3d 1045, 1053 (2d Cir.1995) (quoting Liteky, 114 S.Ct. at 1157). There is no showing of such bias in this case.