**Pamela J. PHILLIPS, Plaintiff,**

v.

**James BOWEN, individually and in his capacity as Sheriff of the County of Saratoga, M.T. Woodcock, individually and in his capacity as Chief Deputy Sheriff of the County of Saratoga, William S. Baker, individually and in his capacity as personnel director of Saratoga County and the County of Saratoga, Defendants.**

No. 96–CV–536 LEK/DRH.

United States District Court,
N.D. New York.

Sept. 24, 1999.

---

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the Court are defendants' renewed motion for judgment as a matter of law and a new trial. For the reasons set forth below, those motions are denied without prejudice and leave to refile.

### I. BACKGROUND

A jury returned a verdict for plaintiff on February 25, 1998 and awarded $400,000 in damages. Defendants have now made a renewed motion for judgment as a matter of law, or, in the alternative, a new trial. Plaintiff's motion for attorney fees is also currently pending.

### II. ANALYSIS

**A. Motion for Judgment Notwithstanding the Verdict**

■ Fed.R.Civ.P. 50(b) permits a party to make a renewed motion for judgment as a matter of law. The purpose of requiring a renewed motion for judgment as a matter of law is to give the opposing party " 'an opportunity to cure the defects in proof that might otherwise preclude him [or her] from taking the case to the jury.' " *Cruz v. Local Union Number 3 of the Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1155 (2d Cir.1994) (quoting *Baskin v. Hawley,* 807 F.2d 1120, 1134 (2d Cir.1986)) (alteration in original). The same standard applicable to a Rule 50(a) motion for judgment as a matter of law governs a Rule 50(b) renewed motion for judgment as a matter of law. *See Raspente v. National R.R. Passenger Corp.,* 111 F.3d 239, 241 n. 3

(2d Cir.1997). The motion may be granted only if "the evidence, viewed in the light most favorable 'to the opposing party, is insufficient to permit a reasonable juror to find in [her] favor." *Galdieri–Ambrosini v. National Realty and Dev. Corp.,* 136 F.3d 276, 289 (2d Cir.1998); *see also Vermont Plastics, Inc. v. Brine, Inc.,* 79 F.3d 272, 277 (2d Cir.1996). The Court will only grant the motion if "there is such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result of sheer surmise and conjecture, or if the evidence is so overwhelming that reasonable and fair-minded persons could only have reached the opposite result." *Lambert v. Genesee Hosp.,* 10 F.3d 46, 53–54 (2d Cir. 1993); *see also Galdieri–Ambrosini,* 136 F.3d at 289. The Court "must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence." *Galdieri–Ambrosini,* 136 F.3d at 289 (citing *Vasbinder v. Ambach,* 926 F.2d 1333, 1339–40 (2d Cir.1991)).

■ In order to make that *renewed* motion for judgment as a matter of law, Rule 50(b) requires that a motion for a directed verdict be made at the close of all the evidence. *See Hilord Chemical Corp. v. Ricoh Electronics, Inc.,* 875 F.2d 32, 37 (2d Cir. 1989). And the Second Circuit has been quite clear that this "procedural requirement may not be waived as a mere technicality." *See Cruz,* 34 F.3d at 1154 (quoting *Redd v. City of Phenix City, Ala.,* 934 F.2d 1211, 1214 (11th Cir.1991)). Moreover, even when a pre-verdict motion for judgment as a matter of law has been made, the movant may not add new grounds after trial. The post-trial motion is limited to those grounds that were "specifically raised in the prior [Rule 50(a)] motion." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 14 (2d Cir.1993); *see Cruz,* 34 F.3d at 1155; *Lambert v. Genesee Hospital,* 10 F.3d 46, 53–54 (2d Cir.1993) ("the specificity requirement is obligatory"), *cert. denied,* 511 U.S. 1052, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994); *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 368 (2d Cir.1988). In sum, a post-trial Rule 50(b)

motion for judgment as a matter of law can properly be made only if, and to the extent that, such a motion specifying the same grounds was made prior to the submission of the case to the jury.

■ In the pending motions, defendants fail to include any citation to the record pointing out the required directed verdict motion or the grounds upon which they moved. Although the Court believes that establishing the directed verdict and its bases falls within the scope of the movant's responsibility, it undertook an independent review of the record. A preliminary search by this Court and by the trial stenographer failed to locate the motion in the trial or conference transcripts. In a telephone interview, plaintiff's counsel stated that he recalled the directed verdict motion was made, and defendants' counsel definitely recalled that he made such a motion. This Court does not question the sincerity of either attorney, but cannot move forward on defendants' pending motions absent adequate support in the record.

■ Failure to comply with Rule 50(b) may be excused only when the district court has indicated that the motion need not be renewed, and the party opposing the motion could not reasonably have thought "that the movant's 'initial view of the insufficiency of the evidence had been overcome and there was no need to produce anything more in order to avoid the risk of [such] judgment.'" *Best Brands Beverage, Inc. v. Falstaff Brewing Corp.*, 842 F.2d 578, 587 (2d Cir.1987) (quoting *Ebker v. Tan Jay Int'l, Ltd.*, 739 F.2d 812, 824 (2d Cir.1984)). The Court made no such indication here, and the dilemma before me in the current motions arises not from a failure to make the renewed motion for judgment as a matter of law pursuant to Rule 50(b), but the unsubstantiated Rule 50(a) directed verdict motion. No court can waive the need for the Rule 50(a) motion since it is a clear prerequisite for the Rule 50(b) motion. If a party fails to make a directed verdict motion, a judgment notwithstanding the verdict is simply unavailable. *See, e.g., Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967). References on the record and in the

March 11, 1998 post-trial conference show that the Court during trial merely reserved defendants' right to make motions at a subsequent point in trial and never waived that obligation. Indeed, at the March 11 conference the Court expressly invites defense counsel to "reiterate" his objections for the record.

The Court may overlook such a default in order to "'prevent a manifest injustice' in cases '[w]here a jury's verdict is wholly without legal support.'" *Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 54 (2d Cir.1978) (per curiam); *accord Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir.1998); *Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir.1994)(citing *United States v. Quiroz*, 22 F.3d 489, 490 (2d Cir.1994)). Without making any assessment of the motions' merits, there is no basis for a claim of such manifest injustice here. Defendants' omission can be cured by submission of a properly excerpted trial transcript and explication of the directed verdict. Defendants will also suffer no prejudice since the required supplemental submission merely postpones consideration of their pending motions.

Defendants' motions are therefore denied without prejudice, and leave is granted to refile no later than November 15, 1999.

### B. Motion for a New Trial

For the reasons discussed above, this motion is also denied.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that defendants' renewed motion for judgment as a matter of law is DENIED without prejudice and leave to refile with citation to the pre-verdict trial transcript setting forth the existence and grounds of the directed verdict motion no later than November 15, 1999 is GRANTED; and it is further

ORDERED that defendants' motion for a new trial be DENIED without prejudice and leave to refile with citation to the pre-verdict trial transcript setting forth the existence and grounds of the directed verdict motion

**54**

no later than November 15, 1999 is GRANT-
ED; and it is

FURTHER ORDERED that the Clerk
serve a copy of this order on all parties by
regular mail.

IT IS SO ORDERED.