Infanti v. Scharpf

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fourteen.

PRESENT:
> **RALPH K. WINTER,**
> **PIERRE N. LEVAL,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

_____

Vittorio Infanti,

> *Plaintiff-Counter - Defendant -*
> *Cross Claimant - Appellant*,

Infanti International, Inc.,

> *Plaintiff*,

v.                                                                     13-2272

George Scharpf, Individually and as Chairman of the Board
of Directors & President & CEO of Amboy National Bank
a/k/a Amboy Bancorporation,

> *Defendant - Counter - Claimant - Appellee*,

George Scharpf Holdings LLC, *et al.*,

> *Defendants - Appellees*,

Stanley Koreyva, Jr., Individually and as Chief Financial Officer & Board member of Amboy National Bank a/k/a Amboy Bancorporation & Senior V.P. of Amboy National Bank,

*Defendant - Cross Defendant -Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**     Thomas L. Irwin, Esq., Ridgewood, NJ.

**FOR DEFENDANTS-APPELLEES:**     Dennis T. Kearney, Denise R. Rosenhaft, Day Pitney LLP, Parsippany, NJ (*for* the Amboy Appellees); Eugene Killian, Jr., The Killian Firm, P.C., Iselin, NJ (*for* George Scharpf).

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

In 1996, plaintiff-appellant Vittorio Infanti ("Infanti") and the Infanti Chair Manufacturing Company ("Infanti Chair") were found liable for trade dress infringement and a $15 million judgment was entered against them. Infanti filed for bankruptcy on behalf of himself and Infanti Chair. He later incorporated Infanti International, Inc. ("International") to conduct the same business on the same premises as the bankrupt Infanti Chair; the district court subsequently held International to be a successor in interest to Infanti Chair and thus liable for the judgment.

Infanti and International brought the instant action against defendant-appellees George Scharpf, George Scharpf Holdings LLC, Amboy National Bank and its Board of Directors,

2

Stanley Koreyva, EKI LLC, and Elizabeth Kavlakian,[1] claiming that the defendants controlled International, secretly set up a competing chair manufacturing company called EKI, gave information about International to EKI while "hid[ing] their self interest in all transactions," and interfered with an agreement with Gasser to settle the $15 million judgment. Infanti and International alleged, *inter alia*, (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. § 1964(c), (2) tortious interference with contract, and (3) breaches of fiduciary duties.

International subsequently stipulated to the dismissal of its claims, leaving only claims asserted by Infanti in his individual capacity. The district court granted summary judgment to the defendants, principally holding that: (1) Infanti lacked standing to bring the RICO claims because the alleged injuries fell upon International, not Infanti; (2) Infanti's tortious interference with contract claim failed because Infanti did not allege the existence of an enforceable contract, and, to the extent he claimed interference with a prospective economic relationship, he did not allege sufficiently culpable conduct by the defendants; and (3) none of the parties owed Infanti a fiduciary duty. Infanti challenges this decision on appeal.[2] We assume the parties' familiarity with the underlying facts and the procedural history of the case.

---

[1] Kavlakian was a named defendant in the district court where she entered an appearance. She is not named in the notice of appeal, but the notice represents that a copy was mailed to her. Appellant's briefing treats Kavlakian as a defendant liable for her alleged actions; Kavlakian has not filed any response. We need not untangle the mysteries surrounding her status as, for the reasons stated below, none of the claims against her can proceed.

[2] Infanti has abandoned a negligence claim against the Amboy Board, as well as his breach of fiduciary duty claim against Kavlakian, by not raising them in his brief on appeal. *See United States v. Quiroz*, 22 F.3d 489, 490 (2d Cir. 1994) (noting the "well established" maxim that "an argument not raised on appeal is deemed abandoned" (internal quotation marks omitted)). Further, in his reply brief, Infanti argues for the first time that the district court erred in denying his motion for reconsideration. That claim is forfeited as "[w]e will not consider an argument raised for the first time in a reply brief." *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003).

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999) (citations omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon such review, we hold that the district court did not err in granting summary judgment for substantially the reasons stated in its thorough and well-reasoned memorandum and order.

First, Infanti lacks standing to pursue his RICO claims, which he brought against all defendants. Despite alleging in his complaint that he suffered extensive financial losses, at summary judgment Infanti submitted evidence of only two potential losses, neither of which affected him directly. Infanti's damages expert attested that the defendants' conspiracy resulted in lost profits for International, and that, as a consequence, Infanti lost over one million dollars in "owner compensation." App'x at 558-59. Infanti, however, was not a shareholder, employee, or paid officer of International, such that he would suffer harm as a result of the firm's financial losses. And even if he were, it is well-settled that shareholders, officers, and employees lack standing to bring a civil RICO claim for harm to their corporation. *Manson v. Stacescu*, 11 F.3d 1127, 1130-33 (2d Cir. 1993).

4

Second, Infanti contends that the defendants tortiously interfered with arrangements he was making to settle his dispute with Gasser and to arrange financing for the settlement from a potential investor. He argues that the defendants, principally Kavlakian, convinced the investor to withdraw his offer, thus depriving Infanti of the funds he needed to settle with Gasser. But Infanti did not testify that he ever entered into a binding agreement with either Gasser or the investor. To state a viable claim for tortious interference with contract, a plaintiff must establish "the existence of a valid contract between the plaintiff and a third party." *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996). Even if the defendants stymied a deal between Infanti and Gasser, or between Infanti and the investor, that "interference" affected a negotiation not a contractual relationship. And a claim for interference with a *prospective* contractual relationship requires a showing of "more culpable conduct" than mere meddling, something akin to "physical violence, fraud or misrepresentation, civil suits or criminal prosecutions, and some degrees of economic pressure." *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190, 191 (2004). Infanti offered no evidence that the defendants did anything other than persuade the investor to reevaluate the proposed deal.

Finally, although Infanti claims that he was betrayed by people that he trusted, none of those people owed him a fiduciary duty. Scharpf, Amboy, and the Amboy directors were Infanti's creditors. Under ordinary circumstances, a creditor-debtor relationship does not give rise to fiduciary duties. As we explained in *Manufacturers Hanover Trust Co. v. Yanakas*, 7 F.3d 310 (2d Cir. 1993), "the mere fact that a [customer] ha[d] borrowed money from the same [entity] for several years is insufficient to transform the relationship into one in which [the lender] is a fiduciary." *Id*. at 318. Without some specific basis to believe that either Scharpf,

5

Amboy, or the Amboy directors had "assum[ed] control and responsibility" over Infanti's affairs, or that those defendants had some special "advantage" borne of "a confidence reposed" in them by Infanti, Infanti could not establish that they were fiduciaries. *Id.*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk