15-726-cr
*United States v. Nastri*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:    JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                           15-726-cr

            v.

JAMES PAUL NASTRI,

                    *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**          William T. Koch, Jr. and W. Theodore
                                      Koch III, Koch & Koch, Old Lyme, CT.


**FOR APPELLEE:**                     Rahul Kale (Sandra S. Glover, *of counsel*),
                                      Assistant United States Attorneys, *for*
                                      Deirdre M. Daly, United States Attorney,
                                      District of Connecticut, New Haven, CT.


Appeal from a judgment of the United States District Court for District of Connecticut (Janet C. Hall, *Chief Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant James Paul Nastri ("Nastri") appeals from a judgment of the District Court revoking his term of supervised release and sentencing him to 24 months' imprisonment, to be served after he completes a 210-month sentence imposed by the District of Vermont for conspiring to distribute heroin. Nastri had violated the conditions of his supervised release by leaving the State of Connecticut without permission, failing to report to the probation office, and committing the aforementioned drug-trafficking offense. Nastri argues that the sentence is substantively unreasonable.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We assess the substantive reasonableness of a sentence for violation of supervised release in light of factors set forth by 18 U.S.C. § 3583(e), though we also allow a district court to consider additional factors.[2] *United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006). Our standard is reasonableness. *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). Review under that standard amounts to "a particularly deferential form of abuse-of-discretion review," *United States v. Messina*, 806 F.3d 55, 61 (2d Cir. 2015) (internal quotation marks omitted), which "provide[s] relief only in the proverbial 'rare case'" in which "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (emphasis and internal quotation marks omitted)).

This is not an "exceptional" case. Although Nastri's 24-month sentence exceeds the Guidelines range of eight to fourteen months, we have recognized that an upward departure may be warranted where the Guidelines range underrepresents the defendant's criminal history and risk of recidivism. *See, e.g., United States v. Gilliard*, 671 F.3d 255, 260–61 (2d Cir. 2012); *United States v. Verkhoglyad*, 516 F.3d 122, 136 (2d Cir. 2008) ("[N]o presumption of unreasonableness may be applied to sentences outside applicable Guidelines ranges."). Here, Judge Hall stated that Nastri's

---

[1] He concedes that he "can identify no procedural error." Def. Br. 13.

[2] The Government implies that we should review only for "plain error," the proper standard when a defendant fails to object before a district court to an alleged sentencing error. *See* Fed. R. Crim. P. 52(b). But although the Government describes the doctrine of plain-error review in some detail, its brief never actually says that Nastri failed to raise his challenge below. Accordingly, the Government has "waived waiver." *See United States v. Quiroz*, 22 F.3d 489, 491 (2d Cir. 1994).

violations of supervised release exceeded "the scope and magnitude" of anything she had seen. Gov't App. 52, 55. This is precisely the type of situation in which we have previously sustained above-Guidelines sentences. *See, e.g.*, *United States v. Lifshitz*, 714 F.3d 146, 150 (2d Cir. 2013) (upholding an above-Guidelines sentence in light of a defendant's "repeated failures to comply with the terms of his supervised release").

The essence of Nastri's argument is that the District Court "revealed a strain of unreasonableness" in determining that Nastri had failed to confront his drug addiction. The record indicates, however, that the District Court based its sentence wholly, or at least "principally," on his egregious violations of his release conditions. To the extent the Court did consider Nastri's addiction, it is well within a district court's discretion to determine whether addiction is cause for leniency or merely an indication that he will "persist[ ] in a life of reckless, criminal, dangerous, destructive, [and] deceitful conduct," *see United States v. Douglas*, 713 F.3d 694, 703 (2d Cir. 2013) (second alteration in original); *cf.* U.S.S.G. § 5H1.4 ("Drug . . . dependence or abuse ordinarily is not a reason for a downward departure. Substance abuse is highly correlated to an increased propensity to commit crime."). Here, Judge Hall would have had ample reason take the latter view—not least because this was the second time she had sentenced him for a narcotics-related violation of supervised release.[3]

In short, Nastri has given us no reason to find that the District Court imposed a sentence outside "the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

### CONCLUSION

We have reviewed all of the arguments raised by Nastri on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 5, 2015 judgment of the District Court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[3] Nastri implies that the District Court improperly considered a disputed fact—namely, whether he "smuggl[ed] drugs into prison in his anal canal on his way back from his mother's funeral," Def. Br. 10. But as Nastri admits, the Court expressly "promised it would not consider" that alleged incident, *id.*, and Nastri offers nothing to suggest that the Court did not keep its promise. As an initial matter, it seems unlikely that a single drug-smuggling incident, no matter how lurid its details, would have much mattered in light of Nastri's conviction for managing an extensive narcotics-trafficking organization.