*United States v. Philippe*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                  18-3745

EMMANUEL PHILIPPE.
> *Defendant-Appellant*.

_____

For Appellee:                              MICHAEL S. BARNETT, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney, Northern District of New York, Albany, NY.

For Defendant-Appellant:          BEVERLY VAN NESS, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART**, **VACATED IN PART,** and **REMANDED** to the district court for further proceedings consistent with this order.

Defendant-Appellant Emmanuel Philippe ("Philippe") appeals from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) entered on December 11, 2018 after a jury found Philippe guilty of: (1) possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C); (2) possession of a firearm in furtherance of a drug crime, 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm and ammunition by a prohibited person, 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Philippe to concurrent terms of 27 months on two of the counts, § 841(a)(1), (b)(1)(C) and § 922(g)(1), and a consecutive 60-month sentence on the § 924(c) count. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### A. Sufficiency Challenges

We review challenges to the sufficiency of the evidence *de novo*. *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014). "A defendant seeking to overturn a jury verdict on sufficiency grounds bears a heavy burden." *United States v. Anderson*, 747 F.3d 51, 59 (2d Cir. 2014) (internal quotation marks omitted). When assessing sufficiency challenges, "[w]e must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility, and its assessment of the weight of the evidence." *United States v. Vargas-Cordon*, 733 F.3d 366, 375 (2d Cir. 2013) (internal quotation marks omitted). We will uphold the conviction if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt.'" *United States v. Coplon*, 703 F.3d 46, 62 (2d Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

### 1. Possession with Intent to Distribute

Philippe first objects to his conviction under 21 U.S.C. § 841(a)(1), (b)(1)(C), for possession with intent to distribute cocaine. To sustain a conviction on this count, the government was required to show that Philippe: "(1) knowingly (2) possessed a controlled substance (3) with a specific intent to distribute it." *United States v. Gore*, 154 F.3d 34, 45 (2d Cir. 1998). "Proof of such intent need not have been direct" and may be found in "circumstantial evidence." *United States v. Heras*, 609 F.3d 101, 106 (2d Cir. 2010). No minimum quantity of drugs is required to convict "whe[re] there is additional evidence of intent to distribute." *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995).

Here, Philippe was found in possession of 35 small bags containing a white powdery substance, which tested positive for cocaine. At trial, an investigator for the Drug Enforcement Administration testified that he had never encountered a cocaine user with that amount of cocaine. Additional evidence found in the vehicle also supported an inference of intent to distribute, including: a loaded rifle with ammunition, two scales, two boxes of sandwich bags, a razor blade, and a significant amount of cash. *See United States v. Boissoneault*, 926 F.2d 230, 234-35 (2d Cir. 1991) (explaining that evidence of intent may be found in "the quantity of cocaine at issue" and "paraphernalia usually possessed by drug dealers, such as scales, beepers, . . . other devices, . . . [or] materials needed to process cocaine or to package it"); *Martinez*, 54 F.3d at 1043 ("[P]ossession of [a] loaded firearm, irrespective of whether [the defendant] was or was not a user" can "by itself provide[] strong evidence of [the defendant's] intent to distribute.").

3

Philippe's principal defense at trial was that he was only using cocaine, and not selling it. The jury, however, was entitled to reject that suggestion, as it did. *See Martinez*, 54 F.3d at 1043. Accordingly, because the record was sufficient to support the jury's finding beyond a reasonable doubt that Philippe possessed cocaine with intent to distribute, Philippe's sufficiency claim is without merit, and we affirm his conviction under 21 U.S.C. § 841(a)(1), (b)(1)(C).

### 2. Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Title 18 U.S.C. § 924(c) imposes a mandatory five-year minimum term of imprisonment where a defendant "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or . . . in furtherance of any such crime, possesses a firearm." *See United States v. Finley*, 245 F.3d 199, 206 (2d Cir. 2001) (quoting 18 U.S.C. § 924(c)(1)). Possession may be established by showing that the defendant "knowingly [had] the power and the intention at a given time to exercise dominion and control over an object." *Id.* at 203 (alteration in original) (internal quotation marks omitted). Possession of a firearm is "in furtherance of" a drug trafficking crime within the meaning of § 924(c) if there was "some nexus between the firearm and the drug selling operation." *Id.* "'[I]n furtherance,' means that the gun afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005).

Here, law enforcement found a loaded firearm in the trunk of Philippe's vehicle. Elsewhere in the vehicle, law enforcement recovered 35 bags of cocaine and other paraphernalia used in drug selling operations. *See id.* ("Possession of a firearm to defend a drug stash clearly furthers the crime of possession with intent to distribute the contents of that stash."). While Philippe argues that the weapon could not have been used in furtherance of any drug trafficking activity because it was found in the trunk, this argument is unavailing. The firearm need not have

4

been within arm's reach to have had "the potential of facilitating [a] drug trafficking offense." *Smith v. United States*, 508 U.S. 223, 238 (1993) (internal quotation marks omitted). Moreover, Philippe himself cast doubt on any possibility that the gun was in the vehicle simply by coincidence, or for a lawful purpose unrelated to drug trafficking activities, *cf. Lewter*, 402 F.3d at 322, when he suggested in a recorded telephone call that he did not just have the gun to go "hunt rabbits," Supp. App'x 484**.**

Accordingly, a rational jury could have rejected Philippe's contentions and found a "nexus between the firearm and the drug [crime]." *Finley*, 245 F.3d at 203. We therefore reject Philippe's sufficiency challenge on this count and affirm his conviction under 18 U.S.C. § 924(c).

**B.** *Rehaif* **Challenge**

Title 18 U.S.C. § 922(g) prohibits any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year," from possessing a firearm or ammunition in or affecting commerce. 18 U.S.C. §§ 922(g)(1), 924(a)(2). Philippe argues for the first time on appeal that his conviction on this count should be vacated because the district court erred by failing to instruct the jury that the government needed to prove that Philippe knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, as required by the intervening case, *Rehaif v. United States*, 139 S. Ct. 2191 (2019). He further argues that there is no evidence in the trial record that demonstrates his knowledge of his prior felony conviction.

We review this challenge for plain error, considering whether "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Miller*, 954 F.3d 551, 557-58 (2d Cir. 2020)

5

(quoting *United States v. Nouri*, 711 F.3d 129, 138 (2d Cir. 2013)).  The parties agree that the first and second prongs of this standard have been met but disagree as to the third and fourth prongs.

Turning to the third prong, in order to evaluate the effect of an erroneous jury instruction on a defendant's substantial rights, "we consider the weight of the trial evidence bearing on the omitted element and whether the omitted element was essentially uncontroverted."  *Id.* at 558 (internal quotation marks and alteration omitted).  In doing so, we ask "whether we can conclude, beyond a reasonable doubt, that a properly-instructed jury would have returned the same verdict," meaning that the jury would have found that the defendant "knew he was a person convicted of a felony, or 'a crime punishable by imprisonment for a term exceeding one year.'"  *Id.* (quoting 18 U.S.C. § 922(g)(1)).

Here, we agree with Philippe that his substantial rights were affected by the district court's erroneous jury instruction.  At trial, Philippe "stipulate[d] to the existence of his prior felony," which prevented the details of his earlier conviction from coming before the jury.  *See id.*  Thus, the stipulation did not include any details about the nature of Philippe's prior offense, the duration of his sentence, the time he served, or his knowledge of whether he had a felony conviction.  As such, no properly instructed jury would have been able to accept this stipulation alone as sufficient evidence of Philippe's knowledge.  *See United States v. Morales*, 819 Fed. App'x 53, 54 (2d Cir. 2020).  While the government argues that the jury could have also looked to record evidence of Philippe's nervousness as the police opened his trunk, as well as Philippe's attempted flight, to support the § 922(g) conviction, this evidence is insufficient—many reasons could have accounted for Philippe's actions other than his knowledge of his felony status.  *See United States v. Balde*, 943 F.3d 73, 97 (2d Cir. 2019) (finding that the defendant's substantial rights were impacted where

6

it "[could not] conclude on the present record that the government's arguments are so strong that [the defendant] would have had no plausible defense at trial"); *Miller*, 954 F.3d at 558 (explaining that when determining *Rehaif* claims, courts must determine "beyond a reasonable doubt, that a properly-instructed jury would have returned the same verdict").

Under the fourth prong of plain-error review, the erroneous jury instruction also affected the fairness, integrity, or public reputation of judicial proceedings. In *Miller*, this Circuit explained that in the limited context of fourth-prong analysis, we may consider "reliable evidence in the record on appeal that was not part of the trial record," such as a presentence investigation report. 954 F.3d at 560. Relying on such evidence, we have found a defendant's sentence of more than one year in prison sufficient to substantiate knowledge of felon status under the fourth prong of plain-error review. *See United States v. Walker*, 974 F.3d 193, 202-03 (2d Cir. 2020) (finding no plain error where the defendant served a sentence longer than one year); *United States v. Goolsby*, 820 Fed. App'x 47, 50 (2d Cir. 2020) (same). Here, however, Philippe was not sentenced to a term of imprisonment greater than one year for his prior felony conviction, but instead received only a sentence of time served. There is also no evidence in the record that Philippe was necessarily informed or aware of the fact that he had been convicted of a "crime punishable by imprisonment for a term exceeding one year." *See Rehaif*, 139 S. Ct. at 2198 (emphasis omitted); *see also Morales*, 819 Fed. App'x at 54 (finding a defendant's sentence to a three-year period of conditional discharge, and no carceral sentence, insufficient under the fourth prong of plain-error review). In supplemental briefing in response to a question raised during oral argument, the government urges us to look to transcripts of Philippe's prior state court plea colloquy and sentencing hearing for evidence that he was aware that he could have been sentenced to more than a year in prison in that case. We conclude, however, that the government waived

7

that argument by failing to raise it in its brief on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). In applying waiver to the government's arguments with respect to these transcripts, there is no "manifest injustice," *United States v. Quiroz*, 22 F.3d 489, 491 (2d Cir. 1994), particularly as the government had "both an opportunity and an incentive" to raise the issue on appeal, *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002).

Accordingly, because we cannot affirm Philippe's conviction under the fourth prong of plain-error review, we vacate the portion of the district court's judgment convicting Philippe of violating 18 U.S.C. § 922(g) and remand for a new trial on this count.

\* \* \*

We have considered Philippe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM IN PART, VACATE IN PART, and REMAND the case** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8