22-205-cv
*Stegemann v. Price, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

———————————————————————————

Joshua G. Stegemann,

> *Plaintiff-Appellant*,

v.                                                                                          22-205-cv

Tyrone Price, David Brian Foley, David F. Capeless, Richard Locke, Cellco Partnership, DBA Verizon Wireless, Mark Gorman FKA Unknown Members of the Rensselaer County Emergency Response Team, AT&T Mobility,

> *Defendants-Appellees*,

Arthur Hyde, AKA Art Hyde, Shane Holcomb, Mark Geracitano, William Scott, Dale Gero, Michelle Mason, John Stec, Steve Jones,

Travas McCarthy, FKA Travis McCarthy,
Robert Patterson, FKA Todd Patterson,

*Defendants-Cross-Defendants-Appellees*,

Rensselaer County Sheriff's Office,
Rensselaer County District Attorney's Office,
Jack Mahar, Steve Wohlleber, Air National
Guard, Richard J. Sloma, Chris Clifford,
Warren County Sheriff's Office, Warren County,
Nathan H. York, Christopher Perilli, New York
State Police, New York State Police, Sort,
Dan Kiley, Investigator, Fulton County
Sheriff's Office, Fulton County, Berkshire
County Sheriff's Office, Berkshire County,
Thomas Bowler, Scott Colbert, Pittsfield Police
Department, Michael Wynn, John Mazzeo,
Glenn F. Decker, Glenn Civello, Massachusetts
State Police Department, Berkshire County
District Attorney's Office, AT&T Wireless Network,
Rick Smith, Retired Captain of the Massachusetts
State Police, FKA Captain Pyle, Rick Smith,
Retired Captain of the Massachusetts State Police,
FKA The Captain of The Massachusetts State Police,
Michael Fynn, Frank Mastan, FKA Unknown
Members of the Rensselaer County Emergency
Response Team, Christopher Fumerola, FKA Unknown
Members of the Rensselaer County Emergency
Response Team, Anthony D'Agostino, FKA Unknown
Members of the Rensselaer County Emergency
Response Team, Justin Loomis, Wayne Peters,

*Defendants*,

Berkshire County Drug Task Force, Sandra Blodgett,
James Deas, Investigator Film, Richard C. Giardino,
Richard McNally, Jami Panichi, Rensselaer County,
Derek Pyle, J.S. Robelotto, Kevin Roy, as a member of
the Rensselaer County Emergency Response Team,
Unknown Members of Fulton County Sheriff's Office
Canine Team, Unknown Members of the Rensselaer

County Emergency Response Team, William Roy, Patrick Russo, Justin Walread, William Webster,

*Defendants-Cross-Defendants*,

Subsurface Informational Surveys, Inc.,

*Defendant-Cross-Claimant*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Joshua G. Stegemann, *pro se*, Ray Brook, NY. |
| | |
| FOR DEFENDANTS-APPELLEES: | Seth Schofield, Senior Appellate Counsel, *for* Maura Healey, Attorney General of the Commonwealth of Massachusetts, Boston, MA (for David Capeless, Richard Locke, and David Brian Foley); |

Janet D. Callahan, Hancock Estabrook, LLP, Syracuse, NY (for Cellco Partnership);

Shawn F. Brousseau, Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany, NY (for Tyrone Price);

Joseph P. Kittredge, Lorena Galvez, Rafanelli Kittredge, P.C., Acton, MA (for William Scott, Dale Gero, Michelle Mason, John Stec, Steve Jones, Robert Patterson, and Travas McCarthy);

Crystal R. Peck, Bailey, Johnson & Peck, P.C., Albany, NY (for Arthur Hyde, Shane Holcomb, Mark Geracitano, and Mark Gorman);

Andrew B. Joseph, Faegre Drinker Biddle & Reath LLP, Florham Park, NJ (for AT&T Mobility LLC).

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Joshua Stegemann, proceeding *pro se*, appeals from the district court's judgment, entered on January 20, 2022, dismissing his third amended complaint, which asserted claims for alleged violations of the federal wiretapping statute under 18 U.S.C. § 2510 *et seq*. These claims, which he first asserted in his original complaint filed in 2015, as well as in two subsequent amended complaints, related to his 2013 arrest on federal narcotics and weapons charges. Stegemann was convicted and principally sentenced to 30 years' imprisonment, and his conviction was affirmed on appeal. *See United States v. Stegemann*, 701 F. App'x 35 (2d Cir. 2017) (summary order). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

In 2015, Stegemann sued numerous police agencies, police officers, wireless carriers, and others under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging, *inter alia*, that the defendants violated his Fourth and Fifth Amendment rights and certain federal wiretapping statutes when they wiretapped his cell phones. The district court dismissed his illegal wiretapping claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)—which precludes Section 1983 lawsuits for damages that necessarily implicate the validity of preexisting criminal convictions, *see Poventud v. City of New York*, 750 F.3d 121, 124 (2d Cir. 2014) (en

4

banc)—because those claims could invalidate Stegemann's criminal conviction, and thus Stegemann could not replead them unless the *Heck* bar was lifted by another court. After extensive motion practice, and two amended complaints, the district court dismissed the remaining claims. Stegemann filed an appeal, and we determined that the district court erred by concluding that the wiretapping claims would invalidate Stegemann's conviction because the *Heck* bar does not apply when, as here, the allegedly erroneous introduction of certain evidence at a criminal trial was harmless. *See Stegemann v. Rensselaer Cnty. Sheriff's Office*, No. 20-3316-cv, 2021 WL 5492966, at *2 (2d Cir. Nov. 23, 2021) (summary order). We nevertheless affirmed on the alternative ground that *Heck* still barred the wiretapping claims because Stegemann did not allege any compensable injury aside from his criminal conviction and sentence. *Id.* We did not remand for further proceedings. *See id.* at *5.

Stegemann then filed a third amended complaint in the district court for statutory damages under the federal wiretapping statutes, asserting that our order and the district court's statement in its decision (that he could not replead until the *Heck* bar was lifted) authorized him to file an amended complaint. The district court *sua sponte* dismissed the third amended complaint, reasoning that the summary order did not lift the *Heck* bar and that the mandate rule prohibited consideration of Stegemann's third amended complaint. This appeal followed.

**DISCUSSION**

We review *de novo* whether the "mandate rule" applies. *Burrell v. United States*, 467 F.3d 160, 163 (2d Cir. 2006) (reviewing *de novo* whether a mandate foreclosed the district court from exercising discretion).

"[T]he law of the case doctrine forecloses reconsideration of issues that were decided—or

5

that could have been decided—during prior proceedings" in the same case. *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007). One branch of that doctrine, the "'mandate rule,' prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate.'" *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (quoting *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)). Furthermore, "'where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone,' it is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues 'unless the mandate can reasonably be understood as permitting it to do so.'" *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001)); *see also id.* at 1225 ("The 'mandate rule' ordinarily forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court.").

Here, in the prior appeal, Stegemann did not argue, notwithstanding any *Heck* bar, that he still had the ability to pursue an illegal wiretap claim to the extent he was seeking statutory damages under 18 U.S.C. § 2520, apart from damages arising from his criminal conviction and sentence. Instead, he asserted that *Heck* did not apply because we had determined in his criminal case that any error regarding the admission of the wiretap evidence was harmless, and, thus, a finding in his favor on his illegal wiretap claim under Section 1983 would not imply his conviction was unlawful. The passing reference in that section of his appellate brief to Section 2520 was not enough to preserve a separate argument based upon the availability of statutory damages. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (explaining that "[i]ssues not sufficiently

6

argued in the briefs are considered waived and normally will not be addressed on appeal"). Thus, in the absence of that particular argument, we did not remand the case as to any statutory damages claim. Although Stegemann did specifically make that argument in his petition for rehearing, we generally do not consider arguments raised for the first time in such a petition, *see United States v. Quiroz*, 22 F.3d 489, 490–91 (2d Cir. 1994) (per curiam) (holding that argument raised for the first time on petition for rehearing is deemed waived), and Stegemann's rehearing petition was denied. Therefore, the district court correctly determined that it was precluded under the mandate rule from re-opening the case to consider this waived claim, and we see no "'cogent' and 'compelling'" reason for reconsideration of such a claim by this Court. *Quintieri*, 306 F.3d at 1230 (citation omitted).

*       *       *

We have considered Stegemann's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court