23-6850-cr
*United States v. Tunstall*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges*,
> CAROL BAGLEY AMON,
> > *District Judge.*\*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                         23-6850

JAMES T. TUNSTALL,

———————————————————————————

\* Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendant-Appellant*.**

_____

FOR DEFENDANT-APPELLANT:            PETER E. BRILL, Brill Legal Group,
                                    P.C., Hempstead, NY; Carl A. Irace,
                                    The Law Offices of Carl Andrew
                                    Irace & Associates, PLLC, East
                                    Hampton, NY.

FOR APPELLEE:                       SAMANTHA    ALESSI    (Alexander
                                    Mindlin, Justina Geraci, *on the brief*),
                                    Assistant United States Attorneys,
                                    *for* Breon Peace, United States
                                    Attorney for the Eastern District of
                                    New York, Brooklyn, NY.

Appeal from the July 21, 2023 judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 21, 2023, is **AFFIRMED**.

Defendant-Appellant James T. Tunstall ("Tunstall") appeals from the district court's judgment of conviction entered on July 21, 2023. Tunstall pleaded guilty to participating in a conspiracy to distribute cocaine and heroin ("Count One"), in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, for which the district court sentenced him principally to 240 months' imprisonment. Subsequently, a jury found him guilty of distribution of

---

** The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

heroin causing death ("Count Two"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), for which Tunstall was sentenced principally to 360 months' imprisonment.

On appeal, Tunstall contests the procedural reasonableness of his sentence on Count One and the substantive reasonableness of his sentence on Counts One and Two. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review the sentence imposed by the district court for procedural and substantive "unreasonableness," *United States v. Booker*, 543 U.S. 220, 261 (2005) (alteration adopted), which is akin to a deferential "abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Tunstall challenges his sentence on Count One on both bases, but contests only the substantive reasonableness of his sentence on Count Two.

### I.  Procedural Reasonableness

Tunstall argues that the district court procedurally erred in imposing its sentence on Count One by failing to provide notice of its intention to upwardly depart under the Guidelines—as permitted by U.S.S.G. § 5K2.1—and neglecting to conduct the required analysis for applying such an upward departure.  We disagree.

The sentence imposed is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the

3

Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020). Where, as here, a defendant does not raise the specific procedural objection below that he asserts on appeal, we review the procedural challenge for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008) (clarifying that because the Defendant did not assert his procedural objections at sentencing, "we review his claims for plain error"). Plain error requires the defendant to establish (1) that an error occurred; (2) that the error is "clear or obvious"; (3) that the error affects the defendant's substantial rights, meaning it "affected the outcome of the district court proceedings"; and (4) that "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Tunstall's claim of procedural unreasonableness hinges on his contention that the district court's sentence on Count One constitutes a departure under, rather than a variance from, the Guidelines. The terms "departure" and "variance" are not interchangeable; each is a term of art with a specific meaning. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). A "departure" applies "only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Id.* For example, one of the policy

4

statements in the Guidelines authorizes a district court to increase its sentence "above the authorized guideline range" where death resulted from the defendant's criminal conduct. U.S.S.G. § 5K2.1. Alternatively, a "variance" refers to a district court's decision to impose a sentence outside the Guidelines range based on its analysis of "the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Irizarry*, 553 U.S. at 715.

The distinction between "departure" and "variance" contains another crucial difference in the context of notice. "While district courts must give the parties reasonable notice that it is contemplating . . . a *departure*, this requirement does not extend to variances." *United States v. Sealed Defendant One*, 49 F.4th 690, 697 (2d Cir. 2022) (internal quotation marks and citation omitted).

On this appeal, the district court's sentence is properly analyzed as a variance, rather than a departure. To begin with, the district court explicitly described its sentence as an "upward *variance*." App'x 150 (emphasis added); *see also Sealed Defendant One*, 49 F.4th at 697 (concluding that a sentence was a variance because, among other reasons, the district court stated on the record that the sentence was "going to *vary* upward"). Moreover, the district court justified its pronouncement that an "upward variance" was necessary by its evaluation of the § 3553(a) factors, including its assessment of Tunstall's "history and conduct." App'x 150; *see also Sealed Defendant One*, 49 F.4th at 697 (concluding that a sentence was a variance—rather than a departure—where "the record makes clear that the district court relied on the section 3553(a) factors in imposing an

5

above-Guidelines sentence"). As Tunstall concedes, the "only sentencing related statute [or Guidelines policy statement] the Court referred to was 18 U.S.C. § 3553(a)." Appellant's Br. 10. Accordingly, the district court did not depart upwards, and it did not err in failing to give Tunstall advance notice of its upward variance because it had no duty to do so.[1] *Sealed Defendant One*, 49 F.4th at 697.

## II. Substantive Reasonableness

Tunstall next claims that his sentence on Count Two is substantively unreasonable because it is ten years longer than his sentence on Count One, despite punishing him for

[1] Even assuming *arguendo* that the district court's sentence on Count One is properly analyzed as an upward departure under the Guidelines, Tunstall's claim still fails for two reasons. First, he had adequate notice of the departure. The government's sentencing submission emphasizes that "[b]ecause the heroin distributed by the defendant caused the fatal overdose of the Victim," it "constitutes an aggravating factor" that can support "an above-Guidelines sentence, namely, the statutory maximum." App'x 111; *see also* Fed. R. Crim. P. 32(h) (providing that the district court must notify the parties of its intent to depart from the Guideline range where the grounds for the departure are not identified "in the presentence report or in a party's prehearing submission").

Second, the district court made the requisite factual finding—after a *Fatico* hearing and by a preponderance of the evidence—to depart upward under § 5K2.1, namely, that Tunstall's sale of heroin caused the victim's fatal overdose. *See* App'x 123; *see also United States v. Cordoba-Murgas*, 233 F.3d 704, 710 (2d Cir. 2000) ("To determine whether [§ 5K2.1] is applicable, the court should use the preponderance of the evidence standard to determine whether death resulted. If the court finds by a preponderance of the evidence that death resulted, the court may depart upward."). Tunstall faults the district court for supposedly failing to follow the three-part analysis for a § 5K2.1 departure set forth in *United States v. Gonzalez*, No. 2-CR-60, 2023 WL 8430233, at *2 (W.D.N.Y. Dec. 5, 2023). Even if the district court did not undertake that analysis, however, Tunstall failed to show that such an error was plain, as he cited no Supreme Court or Second Circuit precedent requiring it. *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) ("For an error to be plain, it must, at a minimum, be clear under current law. We typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." (internal quotation marks and citations omitted)).

the very same conduct. His proportionality argument relies on his contention that the district court improperly departed upward on Count One, which provided an inappropriate baseline for evaluating Count Two. We have already found Tunstall's contention that the district court improperly departed upward on Count One meritless, *see supra* Discussion Section I, and otherwise reject his substantive unreasonableness arguments.

The district court abuses its discretion and errs substantively "only in exceptional cases" where its sentence "cannot be located within the range of permissible decisions."[2] *United States v. Davis*, 82 F.4th 190, 199–200 (2d Cir. 2023) (internal quotation marks omitted). A sentence is outside the range of permissible decisions when, in light of the totality of the circumstances, it "damage[s] the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Mumuni*, 946 F.3d 97, 107 (2d Cir. 2019) (quoting *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam)).

In explaining its 240-month sentence on Count One, the district court averred that—based on its review of the § 3553(a) factors—this case "deserves, cries out, and requires an upward variance and a substantial sentence." App'x 150. In particular, the

---

[2] Tunstall did not raise a substantive unreasonableness objection at sentencing, and "[w]e have not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). Because Tunstall's claim fails under either standard of review, we need not decide this issue here.

district court highlighted Tunstall's extensive criminal history, including his marketing technique of recruiting new customers at court-ordered drug treatment programs as well as his repeated arrests for drug dealing while on parole. As to the seriousness and circumstances of his offense, the district court underscored its finding, by a preponderance of the evidence, that Tunstall caused the overdose of a vulnerable young man. Although the district court's careful evaluation of the § 3553(a) factors led to the imposition of an above-Guidelines, statutory maximum sentence, that sentence is not shockingly high or otherwise unsupportable as a matter of law given the totality of the circumstances. *See Mumuni*, 946 F.3d at 107.

We also reject Tunstall's substantive reasonableness challenge as to his sentence on Count Two. At sentencing, the district court agreed with Tunstall that it had considered the victim's death when fashioning its sentence on Count One but identified other "significant factors . . . that warrant additional incarceration." App'x 191. On appeal, Tunstall does not challenge these additional factors or suggest they were unlawful.[3] Instead, he merely argues that the district court's decision to impose "additional incarceration" for Count Two was infected by its "improper[]" sentence on Count One. Appellant's Br. 18. Because we have already rejected the claim that the district court's

---

[3] By failing to object to these additional factors on appeal, Tunstall abandoned any argument disputing the district court's reliance on them. *See United States v. Black*, 918 F.3d 243, 256 (2d Cir. 2019) ("It is well established that an argument not raised on appeal is deemed abandoned." (quoting *United States v. Quiroz*, 22 F.3d 489, 490 (2d Cir. 1994)).

sentence on Count One was substantively unreasonable, we similarly reject his claim that its supposed impropriety rendered the sentence on Count Two substantively unreasonable.

*    *    *

We have considered Tunstall's remaining arguments and conclude that they are without merit. For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court